**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID NATHANIEL ROBERTS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANCO, HUCKLEBERRY,<br><br>　　　　　Defendants. | Case No.  1:20-cv-00851-JLT-HBK (PC)<br><br>ORDER HOLDING FINDINGS AND RECOMMENDATIONS IN ABEYANCE; DIRECTING PLAINTIFF TO MAKE ELECTION; DIRECTING CLERK OF COURT TO PROVIDE AMENDED CIVIL RIGHTS COMPLAINT FORM<br><br>*(21-day deadline)* |

　　　　David Roberts is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The magistrate recommended that the Court dismiss this action due to the plaintiff's failure to prosecute it because he failed to file an amended complaint as the screening order required.  (*See* Docs. 27, 29.)  Plaintiff filed objections in which he asks that the Court not dismiss his case because: (1) sometimes Plaintiff does not have envelopes to mail his response to Court orders, (2) the crux of Plaintiff's complaint is excessive force resulting in injury, and (3) Plaintiff did not receive a blank civil rights complaint form from the Clerk of Court as directed by the screening order.  (Doc. 30.)

　　　　At the outset, the Court notes that 39 days passed between the issuance of the screening order and the magistrate judge's issuance of findings and recommendations recommending dismissal of the instant action for failure to prosecute.  During that time Plaintiff did not comply

with the screening order in any way. (*See* docket.) Plaintiff attempts to explain this noncompliance by asserting that he did not have the materials he needed (envelopes and a blank amended complaint form) to respond. Though Plaintiff appears to have been able to successfully communicate with the Court in the past, including by filing the objections and previous amended complaints without the benefit of the Court sending him forms, the Court will take this assertion at face value, particularly given that Plaintiff appears intent on pursuing this matter. The Court will therefore hold the findings and recommendations in abeyance and afford Plaintiff one last opportunity to comply with the Court's screening order. Thus, the Court **ORDERS**:

1. Within 21 days from the date of service of this order, Plaintiff *shall* take one of the following actions:
    (a) file a Second Amended Complaint;
    (b) file a Notice that he intends to stand on the amended complaint as screened subject to the undersigned recommending the district court to dismiss certain claims and Defendants for the reasons stated in this Order; or
    (c) file a Notice to voluntarily dismiss this action without prejudice under Fed. R. Civ. P. 41.
2. If Plaintiff fails to timely comply with this Court Order or seek an extension of time to comply, the Court *will dismiss* this action for Plaintiff's failure to comply with this Court Order and prosecute this action *without further notice.*
3. The Clerk of Court shall include a blank civil rights complaint form for Plaintiff's use as appropriate.

IT IS SO ORDERED.

   Dated:   **April 25, 2023**

UNITED STATES DISTRICT JUDGE

2